UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARREN L. MOORE,

    Petitioner,

v.                                  Case No:  5:13-cv-394-Oc-38PRL

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## OPINION AND ORDER[1]

Darren L. Moore (hereinafter "Petitioner") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition under 28 U.S.C. § 2241 (Doc. #1).  Respondent filed a Response (Doc. #7) arguing that Petitioner fails to show entitlement under the savings clause of 28 U.S.C. § 2255(e) to proceed under 28 U.S.C. § 2241; and, therefore this Court lacks jurisdiction.  Respondent also argues that Petitioner's unenhanced statutory maximum sentence was life imprisonment, thus Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc) precludes review. Petitioner filed a Reply (Doc. #8).  This matter is ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## I.  Procedural History

**A.  Conviction and direct appeal**

A jury sitting in the United States District Court for the Southern District of Florida found Petitioner guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (iii), and 846.  See United v. Ross, et. al, Case No. 1:04-cr-20203 (S.D. Fla.), Doc. #431; see also United States v. Corriette, 171 F. App'x 319, 322 (11th Cir. 2006) (unpublished opinion affirming conviction and sentence on direct appeal).

Based on the quantity of drugs charged in the indictment, Petitioner was subject to a statutory minimum term of ten years imprisonment and a maximum term of life imprisonment, see 21 U.S.C. § 841(b)(1)(A).  Because the United States filed an information under 21 U.S.C. § 851 notifying Petitioner of its intent to seek enhanced penalties based on Petitioner's two prior felony drug convictions, Petitioner was subject to a mandatory life sentence, see Corriette, 171 F. App'x at 325-26.  The district court sentenced Petitioner to life.  Id.

Petitioner pursued a direct appeal, in which he challenged the admissibility of the evidence and sufficiency of the United States § 851 notice.  Significantly, Petitioner argued that the § 851 notice was insufficient because it contained an incorrect citation to his state court criminal case number and because it referred to all three provisions of 21 U.S.C. § 841.  The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence, noting that Petitioner did not dispute that he was in fact convicted of cocaine trafficking on the specified date before the State court and that

the government did include a cite to 21 U.S.C. § 841(b)(1)(A) (the statute Petitioner was convicted under) in the § 851 notice.

Petitioner then pursued relief under 28 U.S.C. § 2255 raising two claims of ineffective assistance of trial counsel. See Case No. 1:04-cr-20203 (S.D. Fla.), Docs. #741-#742, #744; see also 1:07-cv-22578 (S.D. Fla.). The district court adopted the Magistrate Judge's report and recommendation and denied Petitioner's § 2255 motion. Id. at Docs #13, #15.

### B.  Current § 2241 petition

Petitioner now proceeds in his § 2241 habeas corpus petition to again challenge his sentence. Petitioner argues that his prior felony drug convictions were not proper predicates for the enhancement of his sentence. In support of Petitioner's argument, he cites to cases interpreting the Immigration and Nationality Act ("INA"), the United States Sentencing Guidelines, and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), *inter alia*. See generally Petition, Reply.

### II. Analysis

### A.  Claims raised in a § 2241 petition must satisfy jurisdictional requirements before a district court may review them

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court

of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. Title 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013) (recognizing five requirements a petitioner must meet to satisfy the savings clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner's previous § 2255 motion was denied by the court that imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Where, as here, a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was inadequate or ineffective to test the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC-Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013) (synthesizing the saving's clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); and Williams v. Warden, Federal Bureau of Prisons, 713 F.2d 1332, 1343 (11th Cir. 2013)).  This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.")

Applying the Bryant factors to Petitioner's claims, this Court concludes that he has not met the threshold requirements for opening a portal to § 2241 review because he does not satisfy the fourth element (his sentence does not exceed the statutory maximum for his conviction).  The Court need not discuss all of the requirements in this case because Petitioner cannot satisfy this element.  See Jeanty v. Warden-FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (noting that not all five requirements are necessary to decide the case).

**B. Petitioner's sentence does not exceed authorized statutory maximum for his conviction under 21 U.S.C. § 841 (b)(1)(A)**

In <u>Gilbert v. United States</u>, the Eleventh Circuit held that the savings clause does not permit a prisoner to challenge a federal sentence imposed within the statutory maximum. The Court emphasized that, "for claims of sentencing error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." <u>Id.</u> at 1312; <u>see</u> <u>also</u> <u>id.</u> at 1295 (a federal prisoner cannot "use a habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum). The Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which no defendant convicted for committing that particular crime may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306. In <u>Bryant</u>, the Eleventh Circuit recognized that there is a "significant distinction" between a sentence that exceeds the statutory maximum and a sentence that, "although enhanced by application of mandatory sentencing guidelines, remains within the permitted statutory maximum penalty." 738 F.3d at 1284. The court concluded that statutory maximum sentences "take precedent" over sentences set forth in the sentencing guidelines because they are "more bedrock, fundamental features of sentences." <u>Id.</u> at 1285.

Petitioner challenges the life sentence he received for violating 21 U.S.C. § 841(b)(1). Specifically, when a defendant is convicted of violating 21 U.S.C. § 846 and has two prior convictions for felony drug offenses, the defendant faces a mandatory life sentence. Thus, <u>Gilbert</u> precludes review of the instant § 2241 Petition. The life

sentence Petitioner received is within the un-enhanced statutory maximum applicable to his offense.  See 21 U.S.C. § 841(b)(1)(A), Corriette, 171 F. App'x at 322, 325-26.  As previously mentioned, Petitioner's § 2255 motion was already denied by the Court that imposed the sentence.  Thus, Petitioner has not shown that his § 2255 was inadequate or ineffective to test the legality of his detention.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is **DISMISSED** as an improper filing under § 2241.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of January, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record